NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: PROTON-PUMP INHIBITOR PRODUCTS LIABILITY LITIGATION | 2:17-MD-2789 (CCC)(LDW) (MDL 2789) |
| This Document Relates to: All cases listed in Exhibit A | OPINION AND ORDER |

CECCHI, District Judge.

### I.    Introduction

This matter comes before the Court upon Case Management Order ("CMO") No. 60, ECF No. 709, entered on November 19, 2021, which identified 962 cases in which Pfizer, Inc.[1] ("Pfizer") alleged that service of the summons and complaint had not been effected and in which no proof of service appeared on the docket of the case.  CMO No. 60 ordered the plaintiffs in those cases within thirty days to (1) establish that service was effected on Pfizer as required by Rule 4(m) of the Federal Rules of Civil Procedure[2] by filing proof of service, (2) voluntarily dismiss Pfizer, or (3) show cause why Pfizer should not be dismissed within thirty days of entry of the Order. CMO No. 60, at 2, ECF No. 709.  CMO No. 60 ordered Plaintiffs to file their responses on the dockets of the individual cases, and permitted Pfizer to oppose within thirty days of each plaintiff's response.[3]  Plaintiffs were specifically advised that "[f]ailure to comply with the terms of this Order will result in the dismissal of the case as to Pfizer." CMO No. 60, at 2.

---

[1] Sometimes identified as Pfiser, Inc.

[2] All references to Rules herein are to the Federal Rules of Civil Procedure.

[3] At the request of the parties, the deadline for plaintiffs to file responses to CMO No. 60 was extended to March 31, 2022, and then June 30, 2022.  *See* CMO No. 67, at § I.D, ECF No. 747; CMO No. 70, at ¶ B, ECF No. 769. The deadline for Pfizer to oppose each plaintiff's response was extended to May 15, 2022, then August 16, 2022, and then October 17, 2022. *See* CMO No. 67, at § I.D, ECF No. 747; CMO No. 70, at ¶ B, ECF No. 769; CMO No. 78, at ¶ A, ECF No. 841.

## II.      Legal Standard

Rule 4 governs the requirements regarding serving a summons.  In particular, Rule 4(m) requires that "[i]f a defendant is not served 90 days after the complaint is filed, the court – on motion or on its own after notice to plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). In the Third Circuit, establishing good cause requires a "demonstration of good faith on the part of a party seeking an enlargement and some reasonable basis for noncompliance with the time specified in the rules." *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995).[4] In the absence of a showing of good cause for failure timely to effect service, the Court has discretion either to dismiss a case or permit an extension.  *Id.* at 1098 (citing *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995)).  It is the plaintiff's burden to demonstrate good cause for such failure to effectuate timely service or to persuade the Court to exercise its discretion and not dismiss Pfizer from their cases. *Spence v. Lahood*, No. 11-3972, 2012 U.S. Dist. LEXIS 80015, at *15 (D.N.J. June 8, 2012) (citing *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998)).

## III.      Discussion

As stated above, CMO No. 60 ordered the identified plaintiffs within thirty days to either establish that service was properly effectuated pursuant to Rule 4(m), voluntarily dismiss Pfizer,

---

[4] Plaintiffs note that the version of Rule 4 quoted in *MCI Telecomms* is no longer applicable after an amendment in 1993.  The amendment removed "good cause" as an absolute prerequisite for an extension of service. However, as explained above, the good cause standard still exists in Rule 4(m). The amendment merely allows courts, in the absence of good cause, to exercise their discretion to allow an extension if the circumstances warrant. Notably, the Court's Opinion and Order here is based on the current version of Rule 4(m).

or show cause why Pfizer should not be dismissed.  CMO No. 60 did not provide these plaintiffs with an extension of time to serve the Complaint, instead, it directed Plaintiffs to prove that service had in fact been effectuated or to "show cause why Pfizer should not be dismissed."

The 640 plaintiffs in the cases identified on Exhibit A herein ("Plaintiffs") have failed to satisfy the requirements of CMO No. 60.  Plaintiffs do not claim to have timely served Pfizer and fail to show cause why these cases should proceed despite their lack of compliance with Rule 4(m).  *See* CMO No. 7, at § II.D ("Absent agreement of the parties or subsequent Order of the Court, service of process shall be effectuated as required under Rule 4 of the Federal Rules of Civil Procedure.").  Pfizer did not agree to any modifications to service procedures from those set forth in the Federal Rules of Civil Procedure.  Pfizer did not agree to accept service via e-mail, nor did it agree to receive waivers of service via e-mail.  *Cf.* CMO No. 7, at § II.D, ECF No. 112; CMO No. 27, at § I.D, ECF No. 260; CMO No. 32, ECF No. 396; CMO No. 79, ECF No. 842.

Of the 640 cases at issue here, Plaintiffs and Pfizer agree that Pfizer had not been served at all in 61 of them.  In the other 579 cases, Plaintiffs concede that Pfizer was served only after CMO No. 60 was entered.  Of the 579 cases where one or both of the parties assert that Pfizer was served after CMO No. 60 (and utilizing the earlier purported date of service in the event that the parties did not agree on the date of service), service was made between one to two years after the ninety-day period in Rule 4(m) in 41 cases; between two to three years after the ninety-day period in 80 cases; and between three to just over four years after the ninety-day period in 458 cases.  No Plaintiff here has dismissed Pfizer from their case.  Accordingly, due to untimely service and lack of good cause shown, it is appropriate that Pfizer be dismissed from the cases identified in Exhibit A.

### a. Plaintiffs Do Not Demonstrate Good Cause Mandating an Extension of Time to Serve

Plaintiffs' responses to CMO No. 60 do not demonstrate good cause excusing their lack of timely service pursuant to Rule 4(m).  Good cause requires "a demonstration of good faith on the part of the party seeking an enlargement . . . and some reasonable basis for noncompliance with the time specified in the rules." *MCI Telecomms. Corp.*, 71 F.3d at 1097. To determine whether good cause exists, the Court considers "(1) reasonableness of plaintiff's efforts to serve (2) prejudice to the defendant by lack of timely service and (3) whether plaintiff moved for an enlargement of time to serve." *Id.*  The primary focus must always be on "the plaintiff's reasons for not complying with the time limit in the first place." *Id.*  Yet here, Plaintiffs have not even attempted to show good cause for their failure to timely serve or addressed the reasons for untimeliness. *See, e.g.,* Pl. Allen Pyne's Resp. to Orders to Show Cause Regarding Service of Process, Ex. A, No. 2:18-cv-06938, ECF No. 10-1 ("Pyne Resp.").  Accordingly, as the Court further explains, Plaintiffs have failed to demonstrate good cause for failure to timely serve in compliance with Rule 4(m).

As an initial matter, the Court notes that Plaintiffs responded to CMO No. 60 by filing virtually identical responses that do not reference Pfizer's specific conduct.  These responses attached an exhibit with limited information about the Plaintiffs' individual cases, but did not include any documentation to support their assertions in the exhibit. The information in these exhibits filed by Plaintiffs includes such information as the date of alleged service (if any), whether a defendant had filed a notice of appearance, whether a defendant had filed a short form answer, whether a Plaintiff Fact Sheet had been uploaded to Marker Group, whether a Defense Fact Sheet had been served, and whether a defendant had sent a deficiency letter related to the Plaintiff Fact Sheet. *See, e.g.*, Pyne Resp.; Nancy Hignite's Resp. to Order to Show Cause Regarding Service of Process, No. 2:18-cv-02649, ECF No. 12 ("Hignite Resp."). In addition, Plaintiffs' briefing does

not address any reasons for the failure to timely serve and instead focuses on arguments concerning Pfizer's purported waiver of service and the Court's authority for discretionary extensions. *See Houser v. Williams*, No. 16-9072, 2020 U.S. Dist. LEXIS 43518, at *6 (D.N.J. Mar. 12, 2020) (citing *MCI Telecomms. Corp.*, 71 F.3d at 1097) (finding dismissal warranted where plaintiff did not serve the complaint for months after an agreed-upon extension and then failed to detail any steps he took towards serving defendant within the extended time afforded by the court).

Turning to the factors for evaluating good cause, the first factor examines the reasonableness of the plaintiff's efforts to serve the complaint. As noted, Plaintiffs offer no explanation for the failure to timely serve, nor an adequate description of reasonable steps that plaintiffs took to effectuate timely service as required by Rule 4(m). And none of the Plaintiffs at issue here were close to satisfying timely service under Rule 4(m). As previously stated, in 579 cases, service was effected at least one year after the ninety-day period under Rule 4(m) had lapsed; in 458 of the 579 cases, or 79 percent, service was effected over three years after the ninety-day period under Rule 4(m) had lapsed. The 61 Plaintiffs who have never served Pfizer also did not provide any explanation justifying why they have yet to serve Pfizer. Given Plaintiffs' lack of sufficient efforts to serve the complaint, this factor weighs heavily in favor of Pfizer.

Under the second factor, the Court considers prejudice to Pfizer by lack of timely service. Here, Plaintiffs' failure to serve caused Pfizer to expend time and resources through investigation, consultation with opposing counsel, and advocating for and responding to case management orders – all to determine whether Plaintiffs intended to pursue litigation against them. *W. Coasts Quartz Corp. v. M.E.C. Tech, Inc.*, 2017 WL 1944197, at *2 (D.N.J. May 9, 2017). Moreover, this Court has previously determined that Pfizer has been prejudiced by the delayed service or non-service. *See* Order Regarding CMO No. 60, at 7, ECF No. 887. Given the prejudice to Pfizer resulting

from Plaintiffs' failure to timely serve, this factor cuts against good cause.  Even if Plaintiffs had demonstrated lack of prejudice to Pfizer, "absence of prejudice alone can never constitute good cause to excuse late service." *MCI Telecomms Corp.*, 71 F.3d at 1097.

Finally, under the third factor, while Plaintiffs have now requested an extension of time to serve Pfizer, they did so only after CMO No. 60 was entered, which was a year or more after the time to serve Pfizer in compliance with Rule 4(m) had lapsed.  *See, e.g.*, Pyne Resp.; Hignite Resp. Plaintiffs have not explained why they did not request an extension of time to serve Pfizer until after CMO No. 60 was entered by this Court.  Accordingly, this factor similarly weighs in favor of Pfizer and against Plaintiffs' showing of good cause.

Considering the three factors used to evaluate whether good cause has been demonstrated, Plaintiffs here have not demonstrated good cause for their failure to serve Pfizer in compliance with Rule 4(m).

### b.   Plaintiffs Have Not Persuaded the Court That a Discretionary Extension is Warranted

In the absence of a showing of good cause mandating an extension to effectuate service, the Court nonetheless has discretion to either dismiss the case or permit extension.  Because Plaintiffs have not established good cause, *see supra*, they must rely on the Court's discretionary authority to excuse failures to comply with Rule 4(m). *See Edwards v. Hillman*, 849 F. App'x. 23, 25 (3d Cir. 2021) (citing *Petrucelli*, 46 F.3d at 1305).  The Court's exercise of discretion in this area is guided by various factors, including: "actual notice of the legal action; prejudice to the defendant; the statute of limitations on the underlying causes of action; the conduct of the defendant; and whether the plaintiff is represented by counsel, in addition to any other factor that may be relevant." *Chiang v. U.S. Small Bus. Admin.*, 331 Fed. App'x 113, 116 (3d Cir. 2009); *see also Spence,* 2012 U.S. Dist. LEXIS 80015, at *15.  Here, considering these factors, Plaintiffs have

6

not met their burden in persuading the Court that such discretion should be exercised under these circumstances.

With respect to the first factor—actual notice of the legal action—Plaintiffs argue that Pfizer was on notice of their claims through their tolling agreement, which provided Plaintiffs time to obtain information about their claims before filing a complaint.[5]  However, the fact that a plaintiff was on the tolling agreement and may potentially bring a claim against Pfizer or another defendant does not mean that Pfizer had actual legal notice that a particular plaintiff would be pursuing his or her claim against Pfizer in a legal action.

*In re Asbestos Prod. Liab. Litig. (No. VI),* upon which Plaintiffs rely for their argument that a court may extend the time for proper service if the defendant had "actual notice of the pending action," is instructive. 2014 WL 1903904, at *1 (E.D. Pa., May 12, 2014); *see* Pyne Resp. at 10 (citing *Asbestos*).  The issue there concerned the appropriateness of a specific method of service by mail under Ohio law—not untimely service that occurred anywhere from one to four years past the Rule 4(m) deadline. Notably, the court found that the defendants were on "actual legal notice" of the pending action because the plaintiffs provided proof of a green card signed by the defendant, evidencing receipt of the original process papers by defendants' counsel, which the court found acceptable under Ohio state law. *Asbestos*, 2014 WL 1903904, at *1.  By contrast, Plaintiffs here have not offered any similar evidence of actual notice.  Indeed, as Pfizer argues, the tolling

---

[5] In June 2018, the parties entered into a tolling agreement concerning the statute of limitations. In order to obtain the benefit of tolling under the tolling agreement, a claimant had to provide the following information to all defendants:  name and date of birth of the PPI user, name(s) of any derivative claimant(s), city and state of residence, date of first PPI use, date of last PPI use, alleged injury, and name of claimant's counsel.  The Plaintiffs' Steering Committee was to compile this information and submit it to the defendants on an Excel spreadsheet on a monthly basis.  *See* Stip. Regarding Tolling of Stats. of Lims., ECF No. 232, at 1-2.  The data required to be provided to all defendants in the tolling agreement did not identify specific defendants whose product(s) were allegedly used by individual plaintiffs.

agreement "covered Plaintiffs who could not yet show proof of use as to a Pfizer product" and, moreover, did not identify a specific defendant or which PPI products were at issue as to a particular potential plaintiff. *See, e.g.,* No. 18-cv-04095, ECF No. 19 at 10 n.3. Therefore, Plaintiffs' reliance on *Asbestos* is misplaced and they have not demonstrated that Pfizer had actual notice of pending litigation.

Turning to prejudice to the defendant—the second factor—the Court reiterates its analysis when discussing the same factor in the context of good cause. *See supra* III.a (noting Pfizer expended time and resources through its repeated attempts to determine whether Plaintiffs intended to pursue litigation against them, including its own independent inquiries, as well as meetings with counsel and the special master). Further, this Court has previously found in this MDL (with respect to a different defendant) that "[w]asted time and resources and inconvenience standing alone may constitute sufficient prejudice to warrant dismissal." CMO No. 63 at 7 (citing *Miller v. Advocare, LLC*, No. 12-01069, 2013 U.S. Dist. LEXIS 71451, at *8-9 (D.N.J. May 21, 2013). Accordingly, this factor weighs against Plaintiffs' request.

Regarding the statute of limitations, the third factor, Plaintiffs argue that the applicable statute of limitations in most, if not all, of the actions subject to CMO No. 60 has expired. *See, e.g.,* Pyne Resp. at 21. However, "the expiration of the statute of limitations does not require the court to extend the time for service, as the court has discretion to dismiss the case even if the refiling of the action is barred." *MCI Telecomms. Corp.*, 71 F.3d at 1098. Given the length of time between filing and service in the cases of these Plaintiffs—in some cases over four years— Plaintiffs' argument that the potential lapse of the statute of limitations warrants extension is not compelling. Relatedly, Plaintiffs have not alleged that Pfizer engaged in any conduct to impede or

frustrate timely service. *See Spence,* 2012 U.S. Dist. LEXIS 80015, at \*15 (fourth factor). These factors thus militate against a discretionary extension as well.

The final factor guiding the Court's discretion examines whether the plaintiff is represented by counsel. *See Spence,* 2012 U.S. Dist. LEXIS 80015, at \*15. Plaintiffs here are all represented by counsel. And, in this context, "[e]ven when delay [in service] results from inadvertence of counsel, it need not be excused." *Petrucelli*, 46 F.3d at 1307. This factor thus also weighs against a discretionary extension.

Weighing all of the above factors, the Court is not persuaded that exercising its discretion to grant an extension to effectuate service on Pfizer is warranted. Moreover, in addition to the factors counseling against an extension, the Court's conclusion is further supported by Plaintiffs' failure to provide an explanation as to why they did not timely serve Pfizer (in the 579 cases where service was late) or why they did not serve Pfizer at all (in the remaining 61 cases).[6]

### c.   Plaintiffs Have Not Shown that Pfizer Waived its Defense to Untimely Service

Plaintiffs generally assert that Pfizer waived any defense related to untimely service by virtue of its conduct in this MDL litigation.  Plaintiffs argue that dismissal of their claims against Pfizer is inappropriate in those cases where (1) Pfizer either filed an answer without raising service or answered before service; (2) Pfizer filed a motion to dismiss without raising service; or (3) Pfizer manifested some intention to defend the case through Pfizer's conduct.  *See, e.g.*, Pyne

---

[6] Pfizer also argues that because Plaintiffs did not address their reasons for untimely service (and instead relied chiefly on arguments concerning waiver), Plaintiffs' reply to CMO 60 failed to comply with a court order, requiring dismissal of their cases on that independent basis. . *See, e.g.,* No. 2:18-cv-04095, ECF No. 19 at 6. Pfizer cites certain *Poulis* factors to support this argument. *Id.* at 10. As explained above, the Court has considered Plaintiffs' lack of an explanation in its discussion of Rule 4(m) and discretionary extensions.

Respo. at § IV.B; Hignite Resp. at § IV.B.  For the below reasons, the Court finds that Pfizer has not waived its defense to untimely service.

The Court first turns to Plaintiffs' argument that Pfizer waived service either by filing an answer without raising service or by answering before service.  Plaintiffs assert that, as a general matter, waiver of service may occur where a defendant files an answer as its first responsive pleading and the answer fails to plead the defense. *See, e.g.,* Pyne Resp. at 7.  Accordingly, Plaintiffs argue that there are three potential scenarios where service has been waived by answer. First, Plaintiffs claim that in any case where Pfizer filed a short form answer, service was waived because the short form answer simply incorporated Pfizer's initial long form answer.  This, Plaintiffs maintain, is because the long form answer did not assert the defense of lack of service. *See, e.g., id.*  Second, since a defendant's notice of appearance in a specific case may serve as a short form answer, *see* Case Management Order No. 27 (ECF No. 260), Plaintiffs contend that a notice of appearance after service is functionally the same as a short form answer—it incorporates the long form answer, which does not assert the defense of lack of service. Finally, Plaintiffs argue that a notice of appearance *before* service waives this defense under the terms of Case Management Order No. 27 for cases filed after September 24, 2018. *See, e.g.,* Pyne Resp. at 8; *see also* CMO No. 27, at § I.A.

Regardless of the merits of these arguments as a matter of law, none of these scenarios are applicable to Pfizer here.  Only two Plaintiffs in the cases identified in Exhibit A assert that a "Defendant" actually filed an answer or filed a notice of appearance in their case, but the dockets in those two cases clearly reflect that Pfizer did not file an answer or notice of appearance in those two cases.  *See* Pl. Sharon Nali's Resp. to Order to Show Cause, Ex. A, 2:18-cv-07667, ECF No. 14-1; Pl. Carol Presley's Resp. to Order to Show Cause, Ex. A, 2:19-cv-16903, ECF No. 6-1.  With

these two Plaintiffs' specific assertions contradicted by their dockets, none of the Plaintiffs identified in Exhibit A have shown that Pfizer either filed a short form answer or a notice of appearance. Thus, Plaintiffs' arguments asserting waiver based on Pfizer's answers (or appearances) do not apply here.

Turning to Plaintiffs' next argument, Plaintiffs assert that Pfizer waived its defense to lack of service in those cases where Pfizer filed a motion to dismiss for purported failure to comply with the tolling agreement without specifically raising the defense of service. However, Pfizer did not raise service in its motions to dismiss because an alternate procedure, proposed and agreed upon by the parties, was set forth in a stipulated court order, with their defenses expressly preserved by CMO No. 7. *See* CMO No. 7, ECF No. 112, at 7 ("Defendants also reserve all rights to move to dismiss . . . under Federal Rule of Civil Procedure Rule[] 12. Defendants shall only be permitted to file said motions to dismiss subject to leave of this Court."). CMO No. 7 expressly restricted defendants from moving to dismiss individual plaintiffs under Rule 12 absent leave of this Court. The federal rules bar a defendant from later moving to dismiss for insufficient service of process only when the party "*could have raised* these objections in their [earlier] motion to dismiss the complaint." *Denkins v. William Penn Sch. Dist.*, No. 20-02228, 2020 WL 5880132, at *3 (E.D. Pa. Oct. 2, 2020); *accord* Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1391 ("If one or more of these defenses are omitted from the initial motion but were 'then available' to the movant, they are permanently lost."). In filing its authorized dismissal motions pursuant to the tolling agreement and CMO No. 7, Pfizer did not have leave to raise any other defense, including insufficient service as to a particular case. Having understood and agreed that such motions were to be deferred to a later date and with leave of the Court, it is not correct that Pfizer, or any other defendant, waived

its defense of service by failing to argue it in their motions to dismiss related to purported violations of the tolling agreement.

Plaintiffs' final argument on waiver is that Pfizer waived its defense of service through its conduct in the PPI litigation as a whole or in individual cases. As to the argument that Pfizer waived service through its conduct in the PPI litigation as a whole, plaintiffs rely on *In re Cathode Ray Tube (CRT) Antitrust Litigation,* No. 07-5944, 2014 U.S. Dist. LEXIS 78902 (N.D. Cal. June 9, 2014). In that case, certain defendants raised their Rule 12(b)(5) defense to service in a consolidated motion to dismiss, but subsequently abandoned that 12(b)(5) motion in a later filing and then continued to participate in litigation for four years. The court found that under these circumstances those defendants had waived their defense of lack of service. *Id.* at *84-88. The case is inapposite, however, as Pfizer never previously raised—and abandoned—the defense of service in any of the cases identified here, and indeed was unable to without leave of the Court under CMO No. 7, as agreed to by the parties.

Additionally, Plaintiffs' general response argues that Pfizer waived its defense of service by participating in the litigation of individual cases, citing *In re: Ethicon, Inc.*, No. 2:13-cv-00758, 2016 U.S. Dist. LEXIS 148765 (S.D.W.V. Oct. 27, 2016). In that case, the defendants acknowledged receipt of a plaintiff profile form, requested additional information from the plaintiffs regarding their claims, and threatened to pursue a remedy in court if the plaintiff did not comply with their request. *Id.* at *6. While eighty-four Plaintiffs herein claim that they received a deficiency letter related to their Plaintiff Fact Sheet, they do not specifically allege whether Pfizer or another defendant sent that deficiency letter, nor did they include a copy of the deficiency letter in their response. Pfizer's counsel has represented that Pfizer did not issue any Plaintiff Fact Sheet deficiency letters to the plaintiffs in the cases identified in Exhibit A hereto and that it has not

threatened to pursue a judicial remedy if the plaintiff did not cure the deficiency.  In short, none of these plaintiffs has actually demonstrated that Pfizer has meaningfully participated in the litigation in their particular case.  Further, the Court rejects Plaintiffs' suggestion to impute Pfizer's conduct in defending itself in cases not subject to CMO No. 60 to suggest that Pfizer waived its defense of service of process in the specific cases identified in Exhibit A hereto.

Plaintiffs also assert that Pfizer has waited too long to assert its defense of service. Plaintiffs rely on the Sixth Circuit's decision in *King v. Taylor*; however, in that case, unlike here, the defendant actively litigated the case by filing a joint Rule 26(f) report, participating in depositions, seeking to extend discovery deadlines, and joining in a status report in that particular case, and only moved to dismiss for lack of service at the summary judgment stage. *King v. Taylor*, 694 F.3d 650, 659-61 (6th Cir. 2012).  Here, however, none of the cases identified in Exhibit A is a Bellwether case or a Wave case and thus Pfizer has not participated in discovery in their individual cases like the defendant in *Taylor* did, and as noted previously, stipulated CMO No. 7 precluded Pfizer from filing a motion to dismiss for lack of service without leave of the Court.

## IV.    Conclusion

CMO No. 60 required Plaintiffs to (1) show they timely served Pfizer pursuant to Rule 4(m), (2) dismiss Pfizer from their case, or (3) show cause why this Court should not dismiss Pfizer from their cases. Plaintiffs whose cases are on Exhibit A have failed to meet their burden of demonstrating good cause for failure to comply with CMO No. 60 and effectuate timely service, and have failed to persuade the Court to exercise its discretion not to dismiss Pfizer from their

cases.  Accordingly, this Court denies Plaintiffs' requests for extensions and orders Pfizer to be dismissed without prejudice from the cases identified in Exhibit A.[7]

Accordingly, **IT IS** on this ___24___ day of April, 2023;

**ORDERED** that Pfizer shall be **DISMISSED** without prejudice from the cases identified in Exhibit A hereto.

**SO ORDERED.**

_____
**CLAIRE C. CECCHI, U.S.D.J.**

---

[7] To the extent plaintiffs in the cases identified in Exhibit A hereto have raised in their briefing any arguments not expressly addressed herein, the Court has considered and rejected them.

Exhibit A

| | Plaintiff Name | Case No. |
|---|---|---|
| 1 | Nancy Hignite | 2:18-cv-02649 |
| 2 | James U. Hodges | 2:18-cv-02952 |
| 3 | Ruthe A. Hensley | 2:18-cv-03235 |
| 4 | Antonio D. Davis | 2:18-cv-03775 |
| 5 | Misty Ashley | 2:18-cv-03851 |
| 6 | David Frost | 2:18-cv-03861 |
| 7 | Lester Hall and Ruth E. Hall | 2:18-cv-03881 |
| 8 | Lynda D. McKibben | 2:18-cv-03885 |
| 9 | Leonore L. Sosa | 2:18-cv-03886 |
| 10 | Garrett Sons | 2:18-cv-03894 |
| 11 | Todd K. Andrade | 2:18-cv-04040 |
| 12 | Norman Kydd | 2:18-cv-04048 |
| 13 | Della I. Gregg | 2:18-cv-04054 |
| 14 | Denver Kennett | 2:18-cv-04078 |
| 15 | John Ortiz | 2:18-cv-04095 |
| 16 | Mike Moffat | 2:18-cv-04139 |
| 17 | Laurie T. Lum | 2:18-cv-04159 |
| 18 | Betty L. Sanner | 2:18-cv-04169 |
| 19 | William Ketelsen | 2:18-cv-04176 |
| 20 | Tia Hartmann | 2:18-cv-04180 |
| 21 | Grady Harris | 2:18-cv-04181 |
| 22 | Daniel Sharp | 2:18-cv-04184 |
| 23 | Theresa Johnson | 2:18-cv-04206 |
| 24 | Mary A. Williams | 2:18-cv-04208 |
| 25 | Rayshell Robinson | 2:18-cv-04215 |
| 26 | Deborah Allen | 2:18-cv-04281 |
| 27 | Sharon Acevedo | 2:18-cv-04282 |
| 28 | Patricia Bean | 2:18-cv-04283 |
| 29 | Michael Barrett | 2:18-cv-04290 |
| 30 | Judy K. Aiken | 2:18-cv-04291 |
| 31 | Dale Bryan | 2:18-cv-04293 |
| 32 | Tonya Bates-Wilson | 2:18-cv-04296 |
| 33 | Donna J. Cushenberry | 2:18-cv-04298 |
| 34 | Stella Benefiel | 2:18-cv-04304 |
| 35 | Roosevelt Dunning | 2:18-cv-04305 |
| 36 | Gloria Eddy | 2:18-cv-04308 |
| 37 | Edgardo Biliran | 2:18-cv-04309 |
| 38 | Emma Balthazar | 2:18-cv-04312 |
| 39 | Antionette Borden | 2:18-cv-04315 |
| 40 | Shelley Hager, as Administrator of the Estate of Samuel Hager, Deceased | 2:18-cv-04317 |
| 41 | Anthony Elliott | 2:18-cv-04318 |
| 42 | Kevin Casey | 2:18-cv-04319 |
| 43 | George Curry | 2:18-cv-04326 |
| 44 | Deloris Daniel | 2:18-cv-04330 |
| 45 | Ricky Fisher | 2:18-cv-04332 |

Exhibit A

| | | |
|---|---|---|
| 46 | David D. Hopkins | 2:18-cv-04350 |
| 47 | Dennis Ledford and Tracey Ledford | 2:18-cv-04477 |
| 48 | Rozell Collins | 2:18-cv-04482 |
| 49 | Cassandra Howard | 2:18-cv-04484 |
| 50 | Patricia Cooper | 2:18-cv-04491 |
| 51 | Leray Littell | 2:18-cv-04492 |
| 52 | Tony Long | 2:18-cv-04495 |
| 53 | Sandra Davis | 2:18-cv-04496 |
| 54 | Robert Parham, Jr. | 2:18-cv-04497 |
| 55 | Climmie Gibbons | 2:18-cv-04499 |
| 56 | Teresa Harlen, as Proposed Representative of the Estate of Jack R. Harlen, Deceased | 2:18-cv-04500 |
| 57 | Vivian Parker | 2:18-cv-04501 |
| 58 | Heather P. Lott | 2:18-cv-04502 |
| 59 | Virginia Rackins | 2:18-cv-04504 |
| 60 | Otis D. Roberts | 2:18-cv-04507 |
| 61 | Robert Ludlam, as Proposed Representative of the Estate of Aubie Ludlam, Deceased | 2:18-cv-04511 |
| 62 | Jessie Martin | 2:18-cv-04519 |
| 63 | Mary Hankamer | 2:18-cv-04520 |
| 64 | Brenda R. Dale | 2:18-cv-04526 |
| 65 | Kelly Smith | 2:18-cv-04529 |
| 66 | Mary Haynes | 2:18-cv-04535 |
| 67 | Betty Head | 2:18-cv-04538 |
| 68 | Jerome Browning | 2:18-cv-04827 |
| 69 | Clarence Mumma | 2:18-cv-04828 |
| 70 | Beverly Bryant | 2:18-cv-04829 |
| 71 | Jose Fronda | 2:18-cv-04830 |
| 72 | Rolanda Allmon | 2:18-cv-04831 |
| 73 | Constance Guardado | 2:18-cv-04833 |
| 74 | Steve Slade | 2:18-cv-04843 |
| 75 | Donell Andrews | 2:18-cv-04852 |
| 76 | Joyce Watson | 2:18-cv-04864 |
| 77 | Jeanette Williams | 2:18-cv-04868 |
| 78 | Avis Hiestand | 2:18-cv-04871 |
| 79 | Roger Mata | 2:18-cv-04872 |
| 80 | Linda Bishop | 2:18-cv-04873 |
| 81 | Darlene Mason | 2:18-cv-04874 |
| 82 | Laura Raffa | 2:18-cv-04877 |
| 83 | Scott Allen | 2:18-cv-04882 |
| 84 | Max Holbrook and Joyce Holbrook | 2:18-cv-04888 |
| 85 | Mildred Brock | 2:18-cv-04904 |
| 86 | Unni Shelton | 2:18-cv-04915 |
| 87 | Darwin Watson | 2:18-cv-04918 |
| 88 | Terry Debruyn | 2:18-cv-04921 |
| 89 | John M. Sierra | 2:18-cv-04923 |
| 90 | Woodie G. Murphy | 2:18-cv-04933 |

Exhibit A

| 91 | Oscar M. Chavez | 2:18-cv-04936 |
|---|---|---|
| 92 | Priscilla Smeets | 2:18-cv-04938 |
| 93 | Paula Ford | 2:18-cv-04943 |
| 94 | Joseph Spurgeon and Sambra Spurgeon | 2:18-cv-04948 |
| 95 | Roger Phillips | 2:18-cv-05034 |
| 96 | Billie Martin Stinson | 2:18-cv-05038 |
| 97 | Wanda Thomas | 2:18-cv-05040 |
| 98 | Lorenzo Valenzuela | 2:18-cv-05055 |
| 99 | Brenda Jo Lemley | 2:18-cv-05060 |
| 100 | Helen Waddle | 2:18-cv-05061 |
| 101 | Rodrick Whitaker | 2:18-cv-05068 |
| 102 | Dawn Miller | 2:18-cv-05069 |
| 103 | Robert Dryden | 2:18-cv-05081 |
| 104 | Charla Mogg | 2:18-cv-05084 |
| 105 | Maudell Palmer | 2:18-cv-05306 |
| 106 | Fred L. Johns | 2:18-cv-05314 |
| 107 | Danielle Newman, as Proposed Representative of the Estate of Jack F. Newman, Deceased | 2:18-cv-05324 |
| 108 | Peggy S. Conley | 2:18-cv-05343 |
| 109 | Dwight W. Graley, Sr. | 2:18-cv-05345 |
| 110 | Scott Hannigan | 2:18-cv-05351 |
| 111 | Birdie D. Jackson | 2:18-cv-05353 |
| 112 | Rebecca M Oates | 2:18-cv-05360 |
| 113 | David Pierce | 2:18-cv-05361 |
| 114 | Teresa Byers | 2:18-cv-05431 |
| 115 | Donald Gibson | 2:18-cv-05438 |
| 116 | Michael Clarke and Maribeth Clarke | 2:18-cv-05448 |
| 117 | Sandra Garrett | 2:18-cv-05463 |
| 118 | Nancy L. Harsh | 2:18-cv-05466 |
| 119 | Bryan G. Swanson | 2:18-cv-05476 |
| 120 | Melvin Stubbs | 2:18-cv-05479 |
| 121 | Jennifer Wolfe | 2:18-cv-05485 |
| 122 | Sharon Powers | 2:18-cv-05488 |
| 123 | Arthur D. Warshawsky | 2:18-cv-05490 |
| 124 | Martha Burns | 2:18-cv-05495 |
| 125 | Kyle Rose | 2:18-cv-05500 |
| 126 | Jeffrey Jones | 2:18-cv-05504 |
| 127 | Burma G. Sizemore | 2:18-cv-05511 |
| 128 | Carmen Stevens | 2:18-cv-05516 |
| 129 | Shirley Teel, as Proposed Representative of the Estate of Ezra C. Teel, Deceased | 2:18-cv-05521 |
| 130 | James Wellman | 2:18-cv-05525 |
| 131 | Dara Dougherty | 2:18-cv-05954 |
| 132 | Sheryl Gerald | 2:18-cv-05959 |
| 133 | Samantha Riddle | 2:18-cv-05971 |
| 134 | Gwenda Steele | 2:18-cv-05975 |

Exhibit A

| | | |
|---|---|---|
| 135 | Barbara Gibson, as Proposed Representative of the Estate of Alta Gibson, Deceased | 2:18-cv-05976 |
| 136 | George Hawkins | 2:18-cv-05980 |
| 137 | Willie Anderson | 2:18-cv-06130 |
| 138 | Mary Hollander | 2:18-cv-06148 |
| 139 | Lance Faulkner | 2:18-cv-06154 |
| 140 | Jeffrey Reed | 2:18-cv-06159 |
| 141 | Sharon Reid | 2:18-cv-06164 |
| 142 | Bartholomew Gaiera and Karen Gaiera | 2:18-cv-06166 |
| 143 | Kathlene Brown | 2:18-cv-06171 |
| 144 | Joni Barrows | 2:18-cv-06178 |
| 145 | Rebecca Harrington | 2:18-cv-06196 |
| 146 | Patricia Hasty | 2:18-cv-06202 |
| 147 | Richard Jackson and Judy Fontenot | 2:18-cv-06214 |
| 148 | Bonnie L. Mize | 2:18-cv-06232 |
| 149 | Jackie Knight | 2:18-cv-06233 |
| 150 | Tunya Lowe | 2:18-cv-06256 |
| 151 | Patina Johnson | 2:18-cv-06274 |
| 152 | Cristy Blankenship | 2:18-cv-06436 |
| 153 | Johnny Daniels | 2:18-cv-06440 |
| 154 | Emilee Palmer and Michael D. Palmer | 2:18-cv-06449 |
| 155 | Travis Charlton, as Proposed Representative of the Estate of Cynthia Halbert, Deceased | 2:18-cv-06476 |
| 156 | Nina Fernandez, as Proposed Representative of the Estate of Sanra Nobil, Deceased | 2:18-cv-06497 |
| 157 | Elizabeth Prater | 2:18-cv-06506 |
| 158 | Jerry Blosser, Individually and as Proposed Representative of the Estate of Wanda Blosser, Deceased | 2:18-cv-06515 |
| 159 | Norma Stillwagoner | 2:18-cv-06520 |
| 160 | Karen Keenan, Individually and as Proposed Representative of the Estate of Larry Keenan, Deceased | 2:18-cv-06522 |
| 161 | Gina Zerby, Individually and as Proposed Representative of the Estate of Michael Zerby, Deceased | 2:18-cv-06532 |
| 162 | Michelle Wilson | 2:18-cv-06540 |
| 163 | Emilly Knotts, as Proposed Representative of the Estate of Cheryl Stefenel, Deceased | 2:18-cv-06552 |
| 164 | Jacquelyn Booker | 2:18-cv-06834 |
| 165 | Dianne Caldwell | 2:18-cv-06846 |
| 166 | Leona Collins, Individually and as the Representative of the Estate of Deniese Collins, Deceased | 2:18-cv-06869 |
| 167 | Patrick Connors | 2:18-cv-06876 |
| 168 | Allen Pyne | 2:18-cv-06938 |
| 169 | Gladys Maddox | 2:18-cv-06939 |
| 170 | Johnnie Oliver | 2:18-cv-06947 |
| 171 | Betty Bassett, Individually and as the Representative of the Estate of Robert Avera, Deceased | 2:18-cv-06949 |

Exhibit A

| 172 | Charles Jones, as Proposed Representative of the Estate of Victoria Jones, deceased | 2:18-cv-06952 |
|---|---|---|
| 173 | Danny Parker | 2:18-cv-06964 |
| 174 | Patricia Parker | 2:18-cv-06975 |
| 175 | Charles Howard | 2:18-cv-06986 |
| 176 | Teresa Hill-Ibrahim | 2:18-cv-07005 |
| 177 | Judy Bradshaw, Individually and as the Representative of the Estate of Jimmy Bradshaw, Deceased | 2:18-cv-07049 |
| 178 | Victor Sackett | 2:18-cv-07059 |
| 179 | Virginia Boyd | 2:18-cv-07090 |
| 180 | Herbert Johnson | 2:18-cv-07130 |
| 181 | Joan Stoveken, Individually and as the Representative of the Estate of Gay Stoveken, Deceased | 2:18-cv-07137 |
| 182 | Angela Spicer, Individually and as the Representative of the Estate of James Spicer, Deceased | 2:18-cv-07148 |
| 183 | Amanda Turner, Individually and as the Representative of the Estate of Ronal Turner, Deceased | 2:18-cv-07153 |
| 184 | Jeanette Mouton | 2:18-cv-07178 |
| 185 | Erick Barnes | 2:18-cv-07187 |
| 186 | Tammy Perry | 2:18-cv-07194 |
| 187 | Wendy Brazill | 2:18-cv-07195 |
| 188 | Brenda Fletcher | 2:18-cv-07203 |
| 189 | Nancy Esque | 2:18-cv-07208 |
| 190 | Diane McGee, Individually and as the Representative of the Estate of Kevin McGee, Deceased | 2:18-cv-07239 |
| 191 | George Gale | 2:18-cv-07267 |
| 192 | Fabian Garcia, Individually and as the Representative of the Estate of Yolanda Montalvo, Deceased | 2:18-cv-07276 |
| 193 | Joann Flowers, Individually and as the Representative of the Estate of Sophia Perkins, Deceased | 2:18-cv-07320 |
| 194 | Thomas Russo | 2:18-cv-07340 |
| 195 | Paul Lue, Individually and as the Representative of the Estate of Hyacinth Johnson, Deceased | 2:18-cv-07352 |
| 196 | Ernestine Mays-Mitchell, Individually and as the Representative of the Estate of Ernest Mays, Deceased | 2:18-cv-07365 |
| 197 | Birdie Woods | 2:18-cv-07438 |
| 198 | Betty Apellido | 2:18-cv-07557 |
| 199 | Pauline Corn | 2:18-cv-07584 |
| 200 | Gloria Dietrich | 2:18-cv-07592 |
| 201 | Walker Howell | 2:18-cv-07616 |
| 202 | Stephanie Ralston-Bailey | 2:18-cv-07617 |
| 203 | Laura Richie | 2:18-cv-07622 |
| 204 | Regina Salisbury | 2:18-cv-07632 |
| 205 | Mary Skeens | 2:18-cv-07637 |
| 206 | Marlene Hatfield | 2:18-cv-07639 |
| 207 | Sharon Nali | 2:18-cv-07667 |

Exhibit A

| 208 | William Solis, Individually and as the Representative of the Estate of Aura Burgos, Deceased | 2:18-cv-07688 |
|---|---|---|
| 209 | Ronald Klinenberg | 2:18-cv-07706 |
| 210 | Luis Nesta | 2:18-cv-07708 |
| 211 | Lorraine Turco | 2:18-cv-07713 |
| 212 | Hazel Phillips | 2:18-cv-07748 |
| 213 | Tracie Powers | 2:18-cv-07756 |
| 214 | Mary Rivali, Individually and as the Representative of the Estate of Robert Rivali, Deceased | 2:18-cv-07760 |
| 215 | Marilyn Sullivan, Individually and as the Representative of the Estate of Evelyn Sullivan, Deceased | 2:18-cv-07781 |
| 216 | Bernadine Hardie | 2:18-cv-07795 |
| 217 | Maribel Villanueva, Individually and as the Representative of the Estate of Alexander Rivera-Baez, Deceased | 2:18-cv-07799 |
| 218 | Karen Vassar, Representative of the Estate of Bobby Vassar, Deceased | 2:18-cv-08722 |
| 219 | Odilia Perez | 2:19-cv-01061 |
| 220 | Dennis Quintin | 2:19-cv-01813 |
| 221 | Martha Griffith | 2:19-cv-01853 |
| 222 | William Hall | 2:19-cv-01859 |
| 223 | Brenda Willis, Individually and as the Representative of the Estate of Seress Harris, Deceased | 2:19-cv-01873 |
| 224 | Gloria Haywood | 2:19-cv-01881 |
| 225 | Ruth Hurd | 2:19-cv-01887 |
| 226 | Eric Hurwitz | 2:19-cv-01889 |
| 227 | Patricia Joppien | 2:19-cv-01897 |
| 228 | Paul Jozwiak | 2:19-cv-01902 |
| 229 | George Bonis | 2:19-cv-01931 |
| 230 | Raymond Bryant | 2:19-cv-01939 |
| 231 | John Bottoms | 2:19-cv-01945 |
| 232 | Cindy Campbell | 2:19-cv-01948 |
| 233 | Colleen Cantwell | 2:19-cv-01965 |
| 234 | Gladys Carpenter | 2:19-cv-01981 |
| 235 | Brandon Cole | 2:19-cv-02004 |
| 236 | Robert Crenshaw | 2:19-cv-02011 |
| 237 | Wanda Crager | 2:19-cv-02012 |
| 238 | Jason Daniels | 2:19-cv-02015 |
| 239 | Luis Manuel Delgado, Individually and as the Representative of the Estate of Luis C. Delgado, Deceased | 2:19-cv-02030 |
| 240 | Linda McMillen | 2:19-cv-02035 |
| 241 | Odessa Mitchell | 2:19-cv-02040 |
| 242 | Patricia Mitchell | 2:19-cv-02048 |
| 243 | Charles Newsom | 2:19-cv-02050 |
| 244 | Orestes Diaz | 2:19-cv-02059 |
| 245 | Helmut Otto | 2:19-cv-02061 |
| 246 | Darryl Oglesby, as Proposed Administrator of the Estate of Sandra Oglesby, Deceased | 2:19-cv-02066 |

Exhibit A

| 247 | Charlotte Edgar | 2:19-cv-02074 |
|---|---|---|
| 248 | Carey Bowie, Individually and as the Represenetative of the Estate of Henry Bowie, Deceased | 2:19-cv-02086 |
| 249 | Maria Edwards, Individually and as the Representative of the Estate of Francisca Camacho, Deceased | 2:19-cv-02092 |
| 250 | Warren Ketchmore | 2:19-cv-02102 |
| 251 | Juan Cantu, Individually and as the Representative of the Estate of Margarita Cantu, Deceased | 2:19-cv-02104 |
| 252 | Juanita Landers | 2:19-cv-02127 |
| 253 | Karen Gaines | 2:19-cv-02136 |
| 254 | Brenda McCurdy, Individually and as the Representative of the Estate of Rickey McCurdy, Deceased | 2:19-cv-02143 |
| 255 | Bridgette Long | 2:19-cv-02159 |
| 256 | Nettie Overton, Individually and as the Representative of the Estate of Charlie Overton, Deceased | 2:19-cv-02174 |
| 257 | Glenda Long | 2:19-cv-02175 |
| 258 | Melissa Olson | 2:19-cv-02204 |
| 259 | Raymond Wilson, Individually and as the Representative of the Estate of Randy Orr, Deceased | 2:19-cv-02239 |
| 260 | Sandra Pannell | 2:19-cv-02246 |
| 261 | Priscille Parent | 2:19-cv-02261 |
| 262 | Lucretia Peavy | 2:19-cv-02275 |
| 263 | Mabel Perry | 2:19-cv-02318 |
| 264 | Glenna Pool | 2:19-cv-02335 |
| 265 | Debra Primrose | 2:19-cv-02356 |
| 266 | Margaret Pryor, As the Representative of the Estate of Keith Pryor, Deceased | 2:19-cv-02367 |
| 267 | Joyce Sheffield | 2:19-cv-02377 |
| 268 | Terry Sheffield | 2:19-cv-02386 |
| 269 | Carl Warner | 2:19-cv-02456 |
| 270 | Lionel Smith | 2:19-cv-02464 |
| 271 | Sherrie Abrahamson | 2:19-cv-02469 |
| 272 | Linda Stockwell | 2:19-cv-02475 |
| 273 | Diane Watkins | 2:19-cv-02484 |
| 274 | James Williams | 2:19-cv-02487 |
| 275 | Charles Wiley | 2:19-cv-02493 |
| 276 | Belinda Beck, Individually and as the Administrator of the Estate of Willie Taylor, Deceaed | 2:19-cv-02519 |
| 277 | Nathan Tyler | 2:19-cv-02523 |
| 278 | Vivian Wittner, Individually and as the Representative of the Estate of Myra Wittner, Deceased | 2:19-cv-02531 |
| 279 | Darwin Valentine | 2:19-cv-02547 |
| 280 | Susan Lynn Wright, Individually and as the Representative of the Estate of Tabitha Wright, Deceased | 2:19-cv-02577 |
| 281 | Donna Wooten | 2:19-cv-02586 |
| 282 | Sharon Grady, as Proposed Representative of the Estate of Herbert Grady, Deceased | 2:19-cv-02669 |

Exhibit A

| 283 | Judy K. Freed | 2:19-cv-02687 |
|---|---|---|
| 284 | Connie Black | 2:19-cv-02703 |
| 285 | Laurie J Dey | 2:19-cv-02873 |
| 286 | Esmeralda Olvera, As proposed Representative of the Estate of Santos Olvera, deceased | 2:19-CV-02877 |
| 287 | Ernest J Palmer | 2:19-cv-02882 |
| 288 | Cheryl Adams, as Proposed Representative of the Estate of Belle Collins, Deceased | 2:19-cv-02996 |
| 289 | Angela Clark | 2:19-cv-03070 |
| 290 | George Reyes | 2:19-cv-03081 |
| 291 | Joe A. Gottwald | 2:19-cv-03115 |
| 292 | Matt Spasoff | 2:19-cv-03117 |
| 293 | Nancy Fennell | 2:19-cv-03132 |
| 294 | Merle Kirkland | 2:19-cv-03272 |
| 295 | Sheila Holmes | 2:19-cv-03327 |
| 296 | Brenda Y. Ridyolph | 2:19-cv-03419 |
| 297 | Cynthia Tucker | 2:19-cv-03489 |
| 298 | Rosetta T. Cunningham | 2:19-cv-03553 |
| 299 | Michelle Denofa, as Proposed Representative of the Estate of Frank Denofa, Deceased | 2:19-cv-03571 |
| 300 | Paul E. Dilocker | 2:19-cv-03589 |
| 301 | Ruth Edwards | 2:19-cv-03595 |
| 302 | Phillip Cottle | 2:19-cv-03618 |
| 303 | Jannie Gichia | 2:19-cv-03625 |
| 304 | Diana Greathouse | 2:19-cv-03633 |
| 305 | Lena Turknett, as Proposed Representative of the Estate of Cecilia Gaines, Deceased | 2:19-cv-03636 |
| 306 | Suzanne Coleman-Cunningham | 2:19-cv-03638 |
| 307 | Betty Hunter, Individually and as the Representative of the Estate of Thomas Hunter, Deceased | 2:19-cv-03645 |
| 308 | Noreen Davis-Xanthis | 2:19-cv-03646 |
| 309 | Juanita Mekwuye | 2:19-cv-03652 |
| 310 | Carla A. Dimatteo | 2:19-cv-03658 |
| 311 | Barbara Zajack | 2:19-cv-03663 |
| 312 | Jennifer Collins | 2:19-cv-03679 |
| 313 | Melissa Harris | 2:19-cv-03684 |
| 314 | Tracy Henderson | 2:19-cv-03685 |
| 315 | Linwood Flemister | 2:19-cv-03686 |
| 316 | James W. Franklin, Sr. | 2:19-cv-03711 |
| 317 | Keisha Kimbrough | 2:19-cv-03723 |
| 318 | Cynthia Lawhorn | 2:19-cv-03739 |
| 319 | Lynell Johnson | 2:19-cv-03784 |
| 320 | Michael Anthony Jones | 2:19-cv-03806 |
| 321 | Cara Kreider | 2:19-cv-03817 |
| 322 | Stephen C. McNeill | 2:19-cv-03823 |
| 323 | Michael DePhillipo, Individually and as the Representative of the Estate of Felice DePhillipo, Deceased | 2:19-cv-03858 |

| | | |
|---|---|---|
| 324 | Tammy R. Phipps | 2:19-cv-03863 |
| 325 | Melissa Konarski, Individually and as the Representative of the Estate of Pamela Zaccardi, Deceased | 2:19-cv-03869 |
| 326 | Kevin M. Takacs | 2:19-cv-03921 |
| 327 | Anna B. Franks | 2:19-cv-03984 |
| 328 | Brandon R. Ward | 2:19-cv-03987 |
| 329 | Raymond A. Watson | 2:19-cv-04002 |
| 330 | Darren Williams | 2:19-cv-04012 |
| 331 | Belinda L. Laird | 2:19-cv-04031 |
| 332 | Anita Loudy | 2:19-cv-04113 |
| 333 | Sandra Detherage | 2:19-cv-04133 |
| 334 | Carol Rosenblum | 2:19-cv-04146 |
| 335 | Linda Barnett | 2:19-cv-04152 |
| 336 | Keith Ellery | 2:19-cv-04166 |
| 337 | Kerry Bland | 2:19-cv-04178 |
| 338 | Denise Garrette | 2:19-cv-04188 |
| 339 | Josette Schaffer | 2:19-cv-04192 |
| 340 | John Danso, Individually and as the Representative of the Estate of Vickie Danso, Deceased | 2:19-cv-04204 |
| 341 | Lawrence Lucerne | 2:19-cv-04209 |
| 342 | Sandra Mason | 2:19-cv-04218 |
| 343 | Beverly McCaleb | 2:19-cv-04224 |
| 344 | Karen E. Rawlings | 2:19-cv-04226 |
| 345 | Veda McDonald-Rhodes, Individually and as the Representative of the Estate of Andre McDonald, Deceased | 2:19-cv-04228 |
| 346 | Joanne Smith | 2:19-cv-04234 |
| 347 | Diane Wood | 2:19-cv-04242 |
| 348 | Terry L. Tharp | 2:19-cv-04250 |
| 349 | Donald Torgerson | 2:19-cv-04254 |
| 350 | Mary Burchett | 2:19-cv-04470 |
| 351 | Michael Bowen | 2:19-cv-04503 |
| 352 | Curtis Banks, Jr. | 2:19-cv-04514 |
| 353 | Catherine Antwine | 2:19-cv-04516 |
| 354 | Jackie L. Brown | 2:19-cv-04518 |
| 355 | Joseph A. Archer | 2:19-cv-04519 |
| 356 | Margie T. Bannister | 2:19-cv-04528 |
| 357 | Leta Bannon | 2:19-cv-04535 |
| 358 | Janice Weibley, on behalf of Elizabeth L. Boyd | 2:19-cv-04537 |
| 359 | Richard Bailey | 2:19-cv-04559 |
| 360 | Debra Bramblett | 2:19-cv-04561 |
| 361 | Brent Bregan | 2:19-cv-04574 |
| 362 | Renee E. Adkins | 2:19-cv-04623 |
| 363 | Damisha L. Bishop | 2:19-cv-04684 |
| 364 | Joe Alfieri | 2:19-cv-04690 |
| 365 | Shirley Bass | 2:19-cv-04703 |
| 366 | Alice Baxter | 2:19-cv-04722 |

Exhibit A

| 367 | Anna Gonzalez, as Proposed Representative of the Estate of Beatrice Ceja, Deceased | 2:19-cv-04750 |
|-----|-----------------------------------------------------------------------------------|---------------|
| 368 | Twila M. Dillon | 2:19-cv-04790 |
| 369 | Dora Chatman | 2:19-cv-04826 |
| 370 | David A. Ealy | 2:19-cv-04837 |
| 371 | Albert G. Collins | 2:19-cv-04853 |
| 372 | Nelda Dugas | 2:19-cv-04861 |
| 373 | James Drain | 2:19-cv-04863 |
| 374 | Tina Dasher | 2:19-cv-04882 |
| 375 | Augusta L. Colson | 2:19-cv-04909 |
| 376 | John Elliott | 2:19-cv-04913 |
| 377 | David Andrews | 2:19-cv-04914 |
| 378 | Adela Anguiano | 2:19-cv-04927 |
| 379 | Troy Ersch | 2:19-cv-04932 |
| 380 | Ronald R. Francis | 2:19-cv-04975 |
| 381 | Angela Clinton | 2:19-cv-04981 |
| 382 | Robin Fizhugh | 2:19-cv-05006 |
| 383 | Mary Duncan | 2:19-cv-05072 |
| 384 | Charlotte Edwards | 2:19-cv-05097 |
| 385 | Matilda Gagliardi | 2:19-cv-05119 |
| 386 | Barbara S. Foutty | 2:19-cv-05132 |
| 387 | Angela K. Henry | 2:19-cv-05185 |
| 388 | Bobby G Jones | 2:19-cv-05196 |
| 389 | Darlene Huettenberger | 2:19-cv-05197 |
| 390 | Gary D. Johnson | 2:19-cv-05199 |
| 391 | Helen Humphrey | 2:19-cv-05243 |
| 392 | Ronnie W. Johnson | 2:19-cv-05247 |
| 393 | Donna Hines | 2:19-cv-05275 |
| 394 | Denice M Justice | 2:19-cv-05307 |
| 395 | Connie Ivory | 2:19-cv-05324 |
| 396 | Constance Gary | 2:19-cv-05335 |
| 397 | Barton S. Hickey | 2:19-cv-05353 |
| 398 | Marne Gonzales | 2:19-cv-05355 |
| 399 | Pamela Kazak | 2:19-cv-05369 |
| 400 | Phyllis J. Kinsey | 2:19-cv-05376 |
| 401 | Steven Graham | 2:19-cv-05547 |
| 402 | June S. Grumbein | 2:19-cv-05558 |
| 403 | Alcadio Guajardo, III | 2:19-cv-05583 |
| 404 | Theresa R. Grove | 2:19-cv-05606 |
| 405 | Darren Gines | 2:19-cv-05608 |
| 406 | Connie Gamez | 2:19-cv-05652 |
| 407 | Paul Glasper | 2:19-cv-05699 |
| 408 | Doris Harder | 2:19-cv-05791 |
| 409 | Rashidah Id-Deen | 2:19-cv-05805 |
| 410 | Bonnie Holtgrew | 2:19-cv-05814 |
| 411 | Jeffrey A Heaps | 2:19-cv-05853 |
| 412 | Terica Lemon | 2:19-cv-06014 |

Exhibit A

| 413 | Gail H. Mills | 2:19-cv-06072 |
|---|---|---|
| 414 | Lisa Mitchell | 2:19-cv-06080 |
| 415 | Berchia M. Mitchell | 2:19-cv-06106 |
| 416 | Jason R. Mitchell | 2:19-cv-06110 |
| 417 | Anna Hoppes | 2:19-cv-06157 |
| 418 | Carson E. Wingo | 2:19-cv-06224 |
| 419 | Joe N. Little | 2:19-cv-06225 |
| 420 | Betty J. Withrow | 2:19-cv-06226 |
| 421 | Annette London | 2:19-cv-06231 |
| 422 | Penny E Wolfe | 2:19-cv-06237 |
| 423 | Melissa Lonsdale | 2:19-cv-06246 |
| 424 | Richard A. Lovelace | 2:19-cv-06320 |
| 425 | Desiree Lovins | 2:19-cv-06323 |
| 426 | Betty Lowther | 2:19-cv-06374 |
| 427 | Joseph W. Lucas | 2:19-cv-06376 |
| 428 | Martin Masar Jr. | 2:19-cv-06432 |
| 429 | James Mason | 2:19-cv-06444 |
| 430 | Lynda Mercer | 2:19-cv-06456 |
| 431 | Lena Woolfolk | 2:19-cv-06457 |
| 432 | Arlene Miller | 2:19-cv-06496 |
| 433 | Thelma McClellen | 2:19-cv-06520 |
| 434 | Brenda McConnachie | 2:19-cv-06522 |
| 435 | Grachell L. Manuel | 2:19-cv-06537 |
| 436 | Uri Moscovici | 2:19-cv-06541 |
| 437 | Marilyn Young | 2:19-cv-06599 |
| 438 | Terry Hays-Booker | 2:19-cv-06613 |
| 439 | Missouri McCann | 2:19-cv-06614 |
| 440 | Marybelle J. Nohejl and Donald Nohejl | 2:19-cv-06648 |
| 441 | Colton Norwood | 2:19-cv-06653 |
| 442 | Norma J. Ochoa | 2:19-cv-06657 |
| 443 | Herschel Overby | 2:19-cv-06681 |
| 444 | Sherrie Owerko | 2:19-cv-06685 |
| 445 | Deborah L. Patterson | 2:19-cv-06706 |
| 446 | Shirley Murray | 2:19-cv-06713 |
| 447 | David Peterson, Sr. | 2:19-cv-06827 |
| 448 | Leonard Nesbitt | 2:19-cv-06828 |
| 449 | Alvin Williamson | 2:19-cv-06848 |
| 450 | David O. Pinto | 2:19-cv-06874 |
| 451 | Andrew E. Polly | 2:19-cv-06890 |
| 452 | Emily Nichols | 2:19-cv-06894 |
| 453 | Joyce Niemi | 2:19-cv-06899 |
| 454 | Norma Wright | 2:19-cv-06918 |
| 455 | Misty C. Powell | 2:19-cv-06966 |
| 456 | Leon Rhodes and Veronica Rhodes | 2:19-cv-06967 |
| 457 | Linda Roach | 2:19-cv-07057 |
| 458 | Sharon Raabe | 2:19-cv-07069 |
| 459 | Martha Bruton | 2:19-cv-07076 |

Exhibit A

| 460 | Brian Rose | 2:19-cv-07133 |
|-----|------------|---------------|
| 461 | Brandi Peebles | 2:19-cv-07166 |
| 462 | William Schiffert | 2:19-cv-07203 |
| 463 | Darlet A. Simile | 2:19-cv-07208 |
| 464 | Ben Schwartz | 2:19-cv-07238 |
| 465 | Robert Smith | 2:19-cv-07247 |
| 466 | Rita Scott, As Proposed Representative of the Estate of Melvern Scott, Deceased | 2:19-cv-07250 |
| 467 | Roberta Ruddy | 2:19-cv-07297 |
| 468 | Scott E. Shaner | 2:19-cv-07348 |
| 469 | Amos Smith | 2:19-cv-07350 |
| 470 | Anita L. Shank | 2:19-cv-07352 |
| 471 | Sharon Smith | 2:19-cv-07389 |
| 472 | Valorie Sherrod | 2:19-cv-07390 |
| 473 | Annette H. Shook | 2:19-cv-07400 |
| 474 | Ysleta Smith | 2:19-cv-07403 |
| 475 | Arlene Sidenstick | 2:19-cv-07425 |
| 476 | Heidi McGee | 2:19-cv-07516 |
| 477 | Laronda M. McMurray | 2:19-cv-07540 |
| 478 | Shanda M. Meacacke | 2:19-cv-07543 |
| 479 | Brenda Swift | 2:19-cv-07558 |
| 480 | Dawn Takacs | 2:19-cv-07560 |
| 481 | Ruby M. Terrasas | 2:19-cv-07589 |
| 482 | Pamela D. Terry | 2:19-cv-07590 |
| 483 | Ruth Thompson | 2:19-cv-07605 |
| 484 | Cheryl Russell | 2:19-cv-07635 |
| 485 | Courtney Stark | 2:19-cv-07636 |
| 486 | Sally D. Reed | 2:19-cv-07642 |
| 487 | Sandra Steen | 2:19-cv-07658 |
| 488 | Sonja F. Anthony | 2:19-cv-07681 |
| 489 | Nadine Reese | 2:19-cv-07732 |
| 490 | Tammy Sateriale | 2:19-cv-07793 |
| 491 | Arnoldo Sauceda | 2:19-cv-07799 |
| 492 | Rodney Stewart | 2:19-cv-07800 |
| 493 | Nicholas Savini | 2:19-cv-07825 |
| 494 | Joan v. Streek | 2:19-cv-07857 |
| 495 | Emma L. White | 2:19-cv-07869 |
| 496 | Susan Reitz | 2:19-cv-07879 |
| 497 | Kevin Wiggs | 2:19-cv-07893 |
| 498 | Robert W. Tonini | 2:19-cv-07908 |
| 499 | Carmen Vitello | 2:19-cv-08007 |
| 500 | Brenda J. Wadman | 2:19-cv-08050 |
| 501 | Jami Butler, Individually and as the Representative of the Estate of David Ayers, Deceased | 2:19-cv-08067 |
| 502 | Bonnie S. Walburn | 2:19-cv-08097 |
| 503 | Dianne C. Walker | 2:19-cv-08137 |
| 504 | Darlene Watson | 2:19-cv-08319 |

Exhibit A

| 505 | Cherry Watson | 2:19-cv-08323 |
|---|---|---|
| 506 | Corderro Watts | 2:19-cv-08325 |
| 507 | Wayne Price | 2:19-cv-08421 |
| 508 | Daniel E. Varner | 2:19-cv-08449 |
| 509 | Audrey M. Werner | 2:19-cv-08547 |
| 510 | Joseph White Sr. | 2:19-cv-08573 |
| 511 | Robert Acosta | 2:19-cv-08709 |
| 512 | Wilma Bibbs | 2:19-cv-10048 |
| 513 | Shirley Brantley | 2:19-cv-10050 |
| 514 | Esther Garza, Individually and as the Representative of the Estate of Jorge Garza, Deceased | 2:19-cv-10059 |
| 515 | James Goff | 2:19-cv-10060 |
| 516 | Regla Hernandez | 2:19-cv-10064 |
| 517 | Elizabeth Hoover, Individually and as the Representative of the Estate of Katharina Hoover, Deceased | 2:19-cv-10069 |
| 518 | Barbara Jensen | 2:19-cv-10072 |
| 519 | Lorenzo Limon | 2:19-cv-10079 |
| 520 | Andrew Mae Martin | 2:19-cv-10083 |
| 521 | Delaine Moore | 2:19-cv-10087 |
| 522 | Allawana Parsons, Individually and as the Representative of the Estate of Smith Parsons, Deceased | 2:19-cv-10088 |
| 523 | Lydia Robinson | 2:19-cv-10092 |
| 524 | Felicita Santos | 2:19-cv-10094 |
| 525 | Margaret Chappel, Individually and as the Representative of the Estate of Adrian Smith, Deceased | 2:19-cv-10102 |
| 526 | Ernestine Thompson | 2:19-cv-10115 |
| 527 | Rosa Vega | 2:19-cv-10129 |
| 528 | Katie Ware | 2:19-cv-10141 |
| 529 | Barbara Wargo | 2:19-cv-10142 |
| 530 | Billy Wiginton | 2:19-cv-10143 |
| 531 | Scott Wright | 2:19-cv-10145 |
| 532 | Brenda Wyatt | 2:19-cv-10146 |
| 533 | Sheila Cuffee, Individually and as the Representative of the Estate of Corinne Blackwell, Deceased | 2:19-cv-10147 |
| 534 | Terri Bullock Dortmundt | 2:19-cv-10715 |
| 535 | Elisa Puentes, Individually and as the Representative of the Estate of Lucy Hernandez, Deceased | 2:19-cv-11000 |
| 536 | Kimberly Ann Tomajko | 2:19-cv-11010 |
| 537 | Billie Whitehead, Individually and as the Representative of the Estate of Artis Whitehead, Deceased | 2:19-cv-11013 |
| 538 | Judy Edwards | 2:19-cv-11320 |
| 539 | Kevin Hickles, Sr. | 2:19-cv-11329 |
| 540 | George D. Pulford | 2:19-cv-11375 |
| 541 | Roxanne Robertson | 2:19-cv-11575 |
| 542 | Julia K. Strickland | 2:19-cv-11582 |
| 543 | Sharon L. Thorne | 2:19-cv-11585 |
| 544 | Dian F. Umbaugh | 2:19-cv-11590 |

Exhibit A

| 545 | Josephine Cumbo | 2:19-cv-11776 |
|-----|-----------------|---------------|
| 546 | Terri McCrea, as Proposed Representative of the Estate of Franklin D. McCrea, Sr. | 2:19-cv-11857 |
| 547 | Nina Rosemond | 2:19-cv-11862 |
| 548 | Temika Smith | 2:19-cv-11866 |
| 549 | Lucy M. Spinner | 2:19-cv-11888 |
| 550 | Doris Bowens | 2:19-cv-13354 |
| 551 | Raymond Brisson | 2:19-cv-13490 |
| 552 | Earnest Thomas | 2:19-cv-13491 |
| 553 | Gregory Lomax | 2:19-cv-13677 |
| 554 | Arthuretta Watford | 2:19-cv-13678 |
| 555 | Thomas Bradd | 2:19-cv-14061 |
| 556 | Davida Linn-Cammarano, Individually and as the Representative of the Estate of Frank Cammarano, Deceased | 2:19-cv-14064 |
| 557 | Marilyn Padgett, Individually and as the Representative of the Estate of Novalynn Collins, Deceased | 2:19-cv-14065 |
| 558 | Paul Cyrus | 2:19-cv-14066 |
| 559 | Joshua Cole | 2:19-cv-14513 |
| 560 | Karen King | 2:19-cv-14732 |
| 561 | Louis Brown, Jr., Individually and as the Representative of the Estate of Irene Brown, Deceased | 2:19-cv-15341 |
| 562 | Louis Brown, Jr., Individually and as the Representative of the Estate of Lewis Brown, Sr., Deceased | 2:19-cv-15342 |
| 563 | Jeffrey Taylor | 2:19-cv-15345 |
| 564 | Eddie Felder | 2:19-cv-15445 |
| 565 | Karen Wells, Individually and as the Representative of the Estate of Michael Wells, Deceased | 2:19-cv-15570 |
| 566 | Larry Moore | 2:19-cv-15571 |
| 567 | Paul Greer | 2:19-cv-15777 |
| 568 | Mark Marcello | 2:19-cv-15881 |
| 569 | Marilyn Pritchard | 2:19-cv-16196 |
| 570 | Carol Presley | 2:19-cv-16903 |
| 571 | Danny Garabedian | 2:19-cv-16905 |
| 572 | Robert McCray | 2:19-cv-17096 |
| 573 | Jack Schonenberger | 2:19-cv-17541 |
| 574 | Victor Rodriguez, Individually and as the Representative of the Estate of Susan Rodriguez, Deceased | 2:19-cv-17658 |
| 575 | Stephen Marchut | 2:19-cv-17991 |
| 576 | Richard Elstun | 2:19-cv-18108 |
| 577 | Karen Arndt | 2:19-cv-18304 |
| 578 | Shirley Howard | 2:19-cv-19780 |
| 579 | Robin Noblin | 2:19-cv-19781 |
| 580 | James Cadieux | 2:19-cv-21720 |
| 581 | Brandy Ramirez | 2:19-cv-21958 |
| 582 | Mary Medeiros | 2:19-cv-21962 |
| 583 | Lynetta J. Hollingworth | 2:19-cv-22041 |

Exhibit A

| 584 | Alonia Williams, as Proposed Representative of the Estate of I.G. Thompson, Sr., Deceased | 2:19-cv-22153 |
|---|---|---|
| 585 | Weldon Paul Steadman, as Proposed Representative of the Estate of Phyllis Steadman, Deceased | 2:19-cv-22221 |
| 586 | Jonathan E Beckham | 2:20-cv-00979 |
| 587 | Kimberly J Burrows | 2:20-cv-00984 |
| 588 | Kenneth B. Cousette | 2:20-cv-00986 |
| 589 | Edward L. Thomas | 2:20-cv-01015 |
| 590 | Stephen Deloney | 2:20-cv-01028 |
| 591 | Kathreen Hensley | 2:20-cv-01523 |
| 592 | Brenda Williams, Individually and as PR of the Estate of Alvin Williams | 2:20-cv-01844 |
| 593 | Sterling Binns | 2:20-cv-02070 |
| 594 | Martha Jones | 2:20-cv-03162 |
| 595 | Ernest Nelson Jr. | 2:20-cv-03422 |
| 596 | Pasquale A Palange | 2:20-cv-04531 |
| 597 | Elena Patrizio | 2:20-cv-04539 |
| 598 | Dorothy R Lewis | 2:20-cv-04636 |
| 599 | Barbara Minchew | 2:20-cv-04644 |
| 600 | Rebecca Ann Gordon | 2:20-cv-04667 |
| 601 | Janice C. Rodgers | 2:20-cv-04740 |
| 602 | Gary Friend | 2:20-cv-04760 |
| 603 | Charles F Duke | 2:20-cv-04792 |
| 604 | Linda B Ross | 2:20-cv-04811 |
| 605 | Cheryl K Strouse | 2:20-cv-04829 |
| 606 | Glenda Weeks | 2:20-cv-04841 |
| 607 | Sherry White, as Proposed Representative of the Estate of Raymond White, Deceased | 2:20-cv-04844 |
| 608 | Jacqueline Williams | 2:20-cv-04846 |
| 609 | Mary Zangara | 2:20-cv-04850 |
| 610 | William Clinton | 2:20-cv-04884 |
| 611 | Robert Shawn Trybala | 2:20-cv-04923 |
| 612 | Jane Cedar | 2:20-cv-04940 |
| 613 | Alma J. Williams | 2:20-cv-04956 |
| 614 | Jennefer Prepelica | 2:20-cv-04957 |
| 615 | John E. Pumphrey, Jr. | 2:20-cv-04962 |
| 616 | Sue Brewer | 2:20-cv-05029 |
| 617 | Joan C. Harper | 2:20-cv-05040 |
| 618 | Ella Norman | 2:20-cv-05052 |
| 619 | Susan M. Pierce | 2:20-cv-05066 |
| 620 | Hyram Archdale, as Proposed Representative of the Estate of Kathleen K. Price, Deceased | 2:20-cv-05070 |
| 621 | Christopher Ritenour | 2:20-cv-05077 |
| 622 | Laura J Sutphin | 2:20-cv-05079 |
| 623 | Quintina N. Wright | 2:20-cv-05088 |
| 624 | James Ziegler | 2:20-cv-05092 |
| 625 | Marie Stacey | 2:20-cv-05244 |

| 626 | Robert Keenan, as Proposed Representative of the Estate of Douglas W. Keenan, Deceased | 2:20-cv-05266 |
|---|---|---|
| 627 | Karen Boyer | 2:20-cv-05327 |
| 628 | William Broyles, as Proposed Representative of the Estate of Mary J. Broyles, Deceased | 2:20-cv-05329 |
| 629 | Renee McPheeters, as Proposed Representative of the Estate of Mary Lou Christopher, Deceased | 2:20-cv-05343 |
| 630 | Linda Donaldson | 2:20-cv-05344 |
| 631 | Barbara Dryer | 2:20-cv-05345 |
| 632 | Eva M Longino | 2:20-cv-05354 |
| 633 | Debra Mitchell, as Proposed Representative of the Estate of Dennis M. Mitchell, Deceased | 2:20-cv-05360 |
| 634 | Vonda Smith, as Proposed Representative of the Estate of Thomas D. Smith, Deceased | 2:20-cv-05368 |
| 635 | John Johnson | 2:20-cv-05380 |
| 636 | Sharon D. Lee | 2:20-cv-06715 |
| 637 | Victor Culpepper, as Proposed Representative of the Estate of Lisa Culpepper, Deceased | 2:20-cv-06986 |
| 638 | Brenda Kellam | 2:20-cv-07294 |
| 639 | Sandra Loesche | 2:20-cv-07344 |
| 640 | Alex Montiel | 2:20-cv-07345 |